IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

KELLE KAE TRUEBLOOD,                    3:14-CV-01350-BR

       Plaintiff,                   OPINION AND ORDER

v.

CAROLYN W. COLVIN,
Commissioner, Social Security
Administration,

       Defendant.


MEGAN E. GLOR
621 S.W. Morrison
Suite 900
Portland, OR 97205
(503) 223-7400

       Attorney for Plaintiff

BILLY J. WILLIAMS
Acting United States Attorney
RONALD K. SILVER
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, OR 97204-2902
(503) 727-1003

1 - OPINION AND ORDER

**DAVID MORADO**
Regional Chief Counsel
**DIANA SWISHER ANDSAGER**
Special Assistant United States Attorney
Social Security Administration
701 Fifth Avenue, Suite 2900
Seattle, WA 98104
(206) 615-3708

    Attorneys for Defendant

**BROWN, Judge.**

    Plaintiff Kelle Kae Trueblood seeks judicial review of a final decision of the Commissioner of the Social Security Administration (SSA) in which she denied Plaintiff's application for Disability Insurance Benefits (DIB) under Title II of the Social Security Act. This Court has jurisdiction to review the Commissioner's final decision pursuant to 42 U.S.C. § 405(g).

    For the reasons that follow, the Court **AFFIRMS** the decision of the Commissioner and **DISMISSES** this matter.

## ADMINISTRATIVE HISTORY

    Plaintiff filed an application for DIB on December 22, 2010, alleging a disability onset date of September 25, 2008. Tr. 68.[1] The application was denied initially and on reconsideration. An Administrative Law Judge (ALJ) held a hearing on November 29, 2012. Tr. 30-57. At the hearing

---

[1] Citations to the official transcript of record filed by the Commissioner on January 2, 2015, are referred to as "Tr."

2 - OPINION AND ORDER

Plaintiff was represented by an attorney. Plaintiff and a vocational expert (VE) testified at the hearing.

The ALJ issued a decision on December 26, 2012, in which he found Plaintiff was not disabled, and, therefore, was not entitled to DIB. Tr. 10-29. Pursuant to 20 C.F.R. § 404.984(d), that decision became the final decision of the Commissioner when the Appeals Council denied Plaintiff's request for review. Tr. 1-5. See Sims v. Apfel, 530 U.S. 103, 106-07 (2000).

## BACKGROUND

Plaintiff was born March 12, 1978 and was 34 years old at the time of the hearing. Tr. 58. Plaintiff has three years of college education. Tr. 322. Plaintiff has past relevant work experience as an emergency medical technician (EMT), ranger aide, and sales attendant. Tr. 22.

Plaintiff alleges disability due to lumbar instability, "si joint instability," fibromyalgia, back injury, carpal tunnel syndrome, tendonitis of right forearm, trochanteric bursitis of the right hip, and "IT band syndrome." Tr. 58.

Except when noted, Plaintiff does not challenge the ALJ's summary of the medical evidence. After carefully reviewing the medical records, this Court adopts the ALJ's summary of the medical evidence. See Tr. 17-21.

3 - OPINION AND ORDER

## **STANDARDS**

The initial burden of proof rests on the claimant to establish disability. *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012). To meet this burden, a claimant must demonstrate her inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The ALJ must develop the record when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence. *McLeod v. Astrue*, 640 F.3d 881, 885 (9th Cir. 2011)(quoting *Mayes v. Massanari,* 276 F.3d 453, 459-60 (9th Cir. 2001)).

The district court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record as a whole. 42 U.S.C. § 405(g). *See also Brewes v. Comm'r of Soc. Sec. Admin.*, 682 F.3d 1157, 1161 (9th Cir. 2012). Substantial evidence is "relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Molina*, 674 F.3d. at 1110-11 (quoting *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009)). "It is more than a mere scintilla [of evidence] but less than a preponderance." *Id.* (citing *Valentine*, 574 F.3d at 690).

4 - OPINION AND ORDER

The ALJ is responsible for determining credibility, resolving conflicts in the medical evidence, and resolving ambiguities. *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009). The court must weigh all of the evidence whether it supports or detracts from the Commissioner's decision. *Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1198 (9th Cir. 2008). Even when the evidence is susceptible to more than one rational interpretation, the court must uphold the Commissioner's findings if they are supported by inferences reasonably drawn from the record. *Ludwig v. Astrue*, 681 F.3d 1047, 1051 (9th Cir. 2012). The court may not substitute its judgment for that of the Commissioner. *Widmark v. Barnhart*, 454 F.3d 1063, 1070 (9th Cir. 2006).

## DISABILITY ANALYSIS

### I.   The Regulatory Sequential Evaluation

The Commissioner has developed a five-step sequential inquiry to determine whether a claimant is disabled within the meaning of the Act. *Parra v. Astrue*, 481 F.3d 742, 746 (9th Cir. 2007). *See also* 20 C.F.R. § 404.1520. Each step is potentially dispositive.

At Step One the claimant is not disabled if the Commissioner determines the claimant is engaged in substantial gainful activity. 20 C.F.R. § 404.1520(a)(4)(I). *See also Keyser v.*

5 - OPINION AND ORDER

*Comm'r of Soc. Sec.*, 648 F.3d 721, 724 (9th Cir. 2011).

At Step Two the claimant is not disabled if the Commissioner determines the claimant does not have any medically severe impairment or combination of impairments. 20 C.F.R. §§ 404.1509, 404.1520(a)(4)(ii). *See also Keyser*, 648 F.3d at 724.

At Step Three the claimant is disabled if the Commissioner determines the claimant's impairments meet or equal one of the listed impairments that the Commissioner acknowledges are so severe as to preclude substantial gainful activity. 20 C.F.R. § 404.1520(a)(4)(iii). *See also Keyser*, 648 F.3d at 724. The criteria for the listed impairments, known as Listings, are enumerated in 20 C.F.R. part 404, subpart P, appendix 1 (Listed Impairments).

If the Commissioner proceeds beyond Step Three, she must assess the claimant's residual functional capacity (RFC). The claimant's RFC is an assessment of the sustained, work-related physical and mental activities the claimant can still do on a regular and continuing basis despite his limitations. 20 C.F.R. § 404.1520(e). *See also* Social Security Ruling (SSR) 96-8p. "A 'regular and continuing basis' means 8 hours a day, for 5 days a week, or an equivalent schedule." SSR 96-8p, at *1. In other words, the Social Security Act does not require complete incapacity to be disabled. *Taylor v. Comm'r of Soc. Sec. Admin.*, 659 F.3d 1228, 1234-35 (9th Cir. 2011)(citing *Fair v. Bowen*, 885

F.2d 597, 603 (9th Cir. 1989)).

At Step Four the claimant is not disabled if the Commissioner determines the claimant retains the RFC to perform work she has done in the past. 20 C.F.R. § 404.1520(a)(4)(iv). *See also Keyser*, 648 F.3d at 724.

If the Commissioner reaches Step Five, she must determine whether the claimant is able to do any other work that exists in the national economy. 20 C.F.R. § 404.1520(a)(4)(v). *See also Keyser*, 648 F.3d at 724-25. Here the burden shifts to the Commissioner to show a significant number of jobs exist in the national economy that the claimant can perform. *Lockwood v. Comm'r Soc. Sec. Admin.*, 616 F.3d 1068, 1071 (9th Cir. 2010). The Commissioner may satisfy this burden through the testimony of a VE or by reference to the Medical-Vocational Guidelines set forth in the regulations at 20 C.F.R. part 404, subpart P, appendix 2. If the Commissioner meets this burden, the claimant is not disabled. 20 C.F.R. § 404.1520(g)(1).

## ALJ'S FINDINGS

At Step One the ALJ found Plaintiff has not engaged in substantial gainful activity since her September 25, 2008, alleged onset date. Tr. 15.

At Step Two the ALJ found Plaintiff has the severe impairments of lumbar strain, obesity, depression, and anxiety.

7 - OPINION AND ORDER

Tr. 15.

At Step Three the ALJ concluded Plaintiff's medically determinable impairments do not meet or medically equal one of the listed impairments in 20 C.F.R. part 404, subpart P, appendix 1. Tr. 15-16. The ALJ found Plaintiff has the RFC to perform light work. Tr. 16. The ALJ found Plaintiff can stand and walk for 30 minutes at a time. Tr. 17. The ALJ also found Plaintiff can engage in "occasional postural activities." Tr. 17. The ALJ found Plaintiff can frequently grip with the right hand and occasionally bend forward at the waist, but can never climb ladders, ropes, or scaffolds. Tr. 17. The ALJ found Plaintiff "must have the ability to alternate between sitting and standing every 30 minutes with no significant interference with the work process." Tr. 17. The ALJ also limited Plaintiff to simple, routine tasks. Tr. 17.

At Step Four the ALJ concluded Plaintiff cannot perform her past relevant work. Tr. 22.

At Step Five the ALJ found Plaintiff can perform jobs that exist in significant numbers in the national economy. Tr. 22. Accordingly, the ALJ found Plaintiff is not disabled.

## DISCUSSION

Plaintiff contends the ALJ erred when he improperly (1) rejected Plaintiff's testimony and (2) gave "little weight"

8 - OPINION AND ORDER

to the opinion of Rodney Jackson, D.C., treating chiropractor.[2]

## I. The ALJ gave clear and convincing reasons for partially rejecting Plaintiff's testimony.

Plaintiff alleges the ALJ erred when he failed to give clear and convincing reasons for partially rejecting Plaintiff's testimony at the November 2012 hearing.

In *Cotton v. Bowen* the Ninth Circuit established two requirements for a claimant to present credible symptom testimony: The claimant must produce objective medical evidence of an impairment or impairments, and he must show the impairment or combination of impairments could reasonably be expected to produce some degree of symptom. *Cotton*, 799 F.2d 1403, 1407 (9th Cir. 1986). The claimant, however, need not produce objective medical evidence of the actual symptoms or their severity. *Smolen*, 80 F.3d at 1284.

If the claimant satisfies the above test and there is not any affirmative evidence of malingering, the ALJ can reject the claimant's pain testimony only if he provides clear and convincing reasons for doing so. *Parra v. Astrue,* 481 F.3d 742, 750 (9th Cir. 2007)(citing *Lester v. Chater,* 81 F.3d 821, 834 (9th

---

[2] In her Opening Brief Plaintiff states in a header that the ALJ erred in his analysis of the opinion of Jackson, but the body of Plaintiff's argument refers to Raymond Larsen, M.D., treating physician. Dr. Larsen repeatedly opined Plaintiff had functional limitations that are consistent with the ALJ's RFC finding. The Court, therefore, finds Plaintiff intended to challenge the ALJ's rejection of Jackson's opinion.

9 - OPINION AND ORDER

Cir. 1995)). General assertions that the claimant's testimony is not credible are insufficient. *Id.* The ALJ must identify "what testimony is not credible and what evidence undermines the claimant's complaints." *Id.* (quoting *Lester*, 81 F.3d at 834).

At the hearing Plaintiff testified she works part time at a community college teaching paramedic classes. Tr. 34. Plaintiff stated the biggest obstacle to her working more often than her part-time job is an increase in her back pain and "generalized pain." Tr. 36. Plaintiff testified sitting and standing increases the pain in her back and she suffers fatigue and migraines one to three times per week. Tr. 36. Plaintiff also testified she has tendinitis in her right wrist and thumb. Tr. 41. Plaintiff testified mental-health issues are not the main reason she cannot work. Tr. 37. Plaintiff takes Dilaudid, Norco, Flexeril, and Cymbalta. Tr. 37. Plaintiff noted she has attempted physical therapy, use of a TENS unit, chiropractic treatment, massage, Pilates, pool therapy, and a work-hardening program to improve her symptoms, but nothing has relieved her pain. Tr. 42-43. Plaintiff goes to the grocery store with her mother but mainly stays at home. Tr. 37.

The ALJ found Plaintiff's "medically determinable impairments could reasonably be expected to cause some of [Plaintiff's] alleged symptoms; however, [Plaintiff's] statements concerning the intensity, persistence and limiting effects of

10 - OPINION AND ORDER

these symptoms are not fully credible" because they are not supported by the medical record. Tr. 17. In particular the ALJ noted the record supports a finding that Plaintiff has limitations due to back pain, but the record does not support the extremity of Plaintiff's allegations of debilitating symptoms. The record reflects Plaintiff suffered lumbar strain in February 2008 when she lifted a patient at work. Plaintiff returned to light duty work in April 2008. Plaintiff, however, stopped working in September 2008. On September 25, 2008, Plaintiff's treating physician, Dr. Larsen, opined Plaintiff could return to work with the following restrictions: not to lift more than 25 pounds, not to bend more than three times per hour, to alternate sitting and standing, and not to do any repetitive wrist motion. Tr. 390. In October 2008, examining physicians Anthony Woodward and Earl Duncan opined Plaintiff had chronic back pain, but she did not have any limitation on her ability to work. Tr. 327. On January 16, 2009, Plaintiff was discharged from a work-hardening program for inability to progress. Tr. 385. The discharging doctor noted Plaintiff had "demonstrated the abilities . . . to perform in the light/medium category of work" and recommended Plaintiff be released to work full time in the light/medium category. Tr. 385. In June 2009 Dr. Larsen released Plaintiff to work as a legal assistant eight hours per day with the limitation that she be able to change positions. Tr. 277-78. In

11 - OPINION AND ORDER

May 2010 Dr. Larsen opined Plaintiff was capable of performing sedentary work.  Tr. 828.

The ALJ also noted Plaintiff was a caregiver for her ill father until October 2012 and continued to work part time as an EMT instructor.

The Court finds the ALJ provided clear and convincing reasons supported by substantial evidence in the record for finding Plaintiff's testimony was only partially credible.  The Court, therefore, concludes the ALJ did not err when he partially rejected Plaintiff's testimony.

### III. The ALJ did not err when he gave little weight to the opinion of treating chiropractor Rodney Jackson.

On April 19, 2011, Jackson completed a report regarding Plaintiff's functional limitations in which he stated Plaintiff required additional education and training before she would be eligible for sedentary occupations.  Tr. 832.  Jackson also noted Plaintiff "cannot tolerate full time activity even with an accommodation to sit and stand at will."  Tr. 832.

In September 2011 Jackson completed a Functional Capacity Assessment of Plaintiff in which he stated Plaintiff could walk, stand, and sit for less than 30 minutes.  Tr. 640.  Jackson stated Plaintiff could walk and stand in combination for 10-20 minutes and stand and sit in combination for no more than three hours.  Tr. 640.  Jackson noted Plaintiff could occasionally lift and carry up to 20 pounds and intermittently kneel, crawl,

12 - OPINION AND ORDER

handle, and finger or pinch. Tr. 640-41. Jackson stated Plaintiff would need to rest 2-3 hours in an eight-hour work day and would have "deficits sustaining concentration, attention, focus, persistence, and pace" 21-25% of the time in an eight-hour work day. Tr. 644.

Medical sources are divided into two categories: "acceptable" and "not acceptable." 20 C.F.R. § 416.902. Acceptable medical sources include licensed physicians and psychologists. 20 C.F.R. § 416.902. Medical sources classified as "not acceptable" include chiropractors. SSR 06-03p, at *2. The ALJ may assign a not-acceptable medical source either greater or lesser weight than that of an acceptable medical source. SSR 06-03p, at *5-6. The ALJ, however, must explain the weight assigned to such sources to the extent that a claimant or subsequent reviewer may follow the ALJ's reasoning. SSR 06-03p, at *6.

The ALJ gave "little weight" to Jackson's opinions noting Jackson had not seen Plaintiff in over a year at the time he offered his September 2011 opinion and Jackson did not point to specific findings to support Plaintiff's limitations. In addition, the ALJ noted Jackson's opinion was contradicted by the opinions of Plaintiff's various treating and examining physicians. For example, as noted, Dr. Larsen opined in September 2008 that Plaintiff could return to work with the

restriction not to lift more than 25 pounds, not to bend more than three times per hour, to alternate sitting and standing, and not to do any repetitive wrist motion. Tr. 390. In October 2008 Drs. Woodward and Duncan opined Plaintiff had chronic back pain, but she did not have any limitation on her work abilities. Tr. 327. In January 2009 the doctor discharging Plaintiff from the work-hardening program noted Plaintiff had "demonstrated the abilities . . . to perform in the light/medium category of work" and recommended Plaintiff be released to work full time in the light/medium category. Tr. 385. In June 2009 Dr. Larsen released Plaintiff to work as a legal assistant eight hours per day with the limitation that she be able to change positions. Tr. 277-78. In May 2010 Dr. Larsen opined Plaintiff was capable of performing sedentary work. Tr. 828.

The ALJ also noted Plaintiff was a caregiver for her ill father until October 2012 and continued to work part time as an EMT instructor.

On this record the Court concludes the ALJ did not err when he gave little weight to the opinion of Jackson because the ALJ supported his decision by reference to specific, substantial evidence in the record.

## CONCLUSION

For these reasons, the Court **AFFIRMS** the decision of the

14 - OPINION AND ORDER

Commissioner and **DISMISSES** this matter.

IT IS SO ORDERED.

DATED this 3rd day of August, 2015.

_____
ANNA J. BROWN
United States District Judge